IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:17-cv-21192-KMW

| | |
|---|---|
| JUAN JOSÉ RENDÓN DELGADO | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BLOOMBERG L.P.; BLOOMBERG | ) |
| BUSINESSWEEK; JORDAN ROBERTSON; | ) |
| MICHAEL RILEY; ANDREW WILLIS; and | ) |
| CARLOS MANUEL RODRÍGUEZ, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Reply Brief in Further Support of
Request for Judicial Notice and Motion for Leave to File Supplemental
Memorandum in Support of Motion to Dismiss for Lack of Subject-Matter Jurisdiction

Plaintiff Juan José Rendón Delgado does not dispute that this Court is authorized to take judicial notice of the complaint that he filed in *JJ Rendon & Associates Strategic Creativity, LLC, and Juan José Rendón Delgado v. Roberto Arzu*, Case No. 1:19-cv-22424-UU (S.D. Fla.) (the "Arzu Complaint," DE-63-1). Nor does he dispute that "where 'certain relevant materials were not in the party's possession at the time that the party filed its motion, response, or reply,'" the Court should grant leave to file a supplemental memorandum. DE-38 at 4 (quoting *Girard v. Aztec RV Resort, Inc.*, No. 10-62298-CIV, 2011 WL 4345443, at *3 (S.D. Fla. Sept. 16, 2011)). Instead, Rendón claims that the Court should not take judicial notice of the Arzu Complaint and should not allow Defendants Bloomberg L.P., Jordan Robertson, and Michael Riley (collectively, "Bloomberg") to file supplemental briefing concerning the Arzu Complaint because Rendón mis-pleaded his citizenship in *Arzu* but correctly pleaded he is a citizen of

Venezuela in his Amended Complaint in this case. Rendón's argument goes exclusively to the weight the Court should assign the Arzu Complaint, not whether the Court should take judicial notice of the Arzu Complaint and allow supplemental briefing concerning it.

Rendón's relevance argument also fails because it presumes the truth of the very thing that is at issue: Rendón's allegation of Venezuelan citizenship. Rendón's citizenship is not settled, as he claims. In allowing Rendón to amend his complaint, Magistrate Judge Torres explicitly said: "We are not deciding the ultimate jurisdictional issue. We are only tasked with deciding whether there is a good faith basis for Plaintiff to seek an amendment." DE-41 at 13. Although Rendón now claims to be a citizen of Venezuela, his original complaint's allegations of statelessness are "'admissible as admissions of the pleading party to the facts alleged therein.'" *See, e.g.*, *Tucker v. Hous. Auth. of Birmingham Dist.*, 229 F. App'x 820, 826 (11th Cir. 2007) (citation omitted). Likewise, although it has now been withdrawn, the Arzu Complaint's allegation that Rendón is a citizen of Florida is also admissible. *Id.* (citation omitted) ("'withdrawn'" pleadings "'admissible as admissions'"). The Court should take judicial notice of the Arzu Complaint and allow the parties to explain how it bears on whether Rendón is a citizen of Venezuela.[1]

Finally, Rendón asks the Court to take judicial notice of certain facts, most of which cannot be judicially noticed. Specifically, none of the following purported facts is "generally known within" this Court's "territorial jurisdiction," and none of the following purported facts

---

[1] In Plaintiff's Opposition to Defendants' Request for Judicial Notice and Motion for Leave, DE-64, Rendón offers unsworn, unsupported explanations for why the Arzu Complaint alleged Rendón is a citizen of Florida. These explanations are entitled to no weight. In particular, there is no basis to assume that the allegation of Florida citizenship was a "simple incorrect assumption" or a mere "misunderstanding" by Rendón's other counsel, who in filing the Arzu Complaint certified that Rendón is a citizen of Florida "to the best of [their] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances." *See* Fed. R. Civ. P. 11(b).

"can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned":

(1) the purported fact that "[t]here was no coordination between Holland & Knight" and "Rendón's counsel in the present action regarding the filing of" the Arzu Complaint;

(2) the purported fact that "Rendón's counsel in the Arzu Case made an incorrect assumption about his citizenship based on his residency in Florida";

(3) the purported fact that "Rendón's counsel in the Arzu Case was not aware until after they filed the complaint in the Arzu Case" that "Rendón remains a citizen of Venezuela"; and

(4) the purported fact that "[u]pon learning from counsel for [Bloomberg] that the Arzu Case was filed and did not plead" that "Rendón is a citizen of Venezuela," "Rendón's counsel in this case contacted" Rendón "about this incorrect pleading."

Because these purported facts are not generally known in this District and cannot be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, the Court plainly cannot take judicial notice of them.[2]  See Fed. R. Evid. 201(b).  Indeed, Rendón's misguided suggestion that these "facts" are undisputed itself supports Bloomberg's alternative request for jurisdictional discovery in aid of determining Rendón's citizenship.

## Conclusion

The Court should take judicial notice of the Arzu Complaint pursuant to Federal Rule of Evidence 201 and grant Bloomberg leave to file its memorandum (DE-63-2) explaining why the Arzu Complaint and Rendón's allegation of Florida citizenship confirm that Rendón cannot meet

---

[2] The purported fact that Holland & Knight LLP does not represent Rendón in this case also does not satisfy Rule 201(b), as the firm could conceivably represent Rendón without appearing on his behalf as counsel of record.  The Court may take judicial notice of Rendón's filing of a notice of voluntary dismissal in *Arzu*, the fact that Rendón <u>claims</u> to be a citizen of Venezuela in the notice, and the Court's order dismissing *Arzu*.

3

his burden of establishing that the Court has subject-matter jurisdiction over this case.[3]  The Court should also deny Rendón's request that it take judicial notice of facts that plainly do not satisfy the requirements of Federal Rule of Evidence 201.

> Respectfully submitted,
>
> Gunster, Yoakley & Stewart, P.A.
>
> By   s/ Thomas R. Julin
> Thomas R. Julin & Timothy J. McGinn, Jr.
> Florida Bar No. 325376 & 1000377
> 600 Brickell Avenue, Suite 3500
> Miami, FL 33131
> 1.305.376.6007 Fax 6010 tjulin@gunster.com
>
> Willkie Farr & Gallagher LLP
>
> By   s/ Jeffrey B. Korn
> Jeffrey B. Korn & Jonathan D. Waisnor
> Admitted *Pro Hac Vice*
> 787 Seventh Avenue
> New York, NY 10019
> 1.212.728.8000 jkorn@willkie.com
>
> Attorneys for the Bloomberg Defendants

### Certificate of Service

I hereby certify that this document, electronically filed with the Clerk of Court through the CM/ECF system on July 16, 2019, will be sent electronically to the registered participants, including Plaintiff's counsel, as identified on the Notice of Electronic Filing.

> s/ Timothy J. McGinn
> Timothy J. McGinn

---

[3]  In a footnote, Rendón claims counsel for Bloomberg did not raise the subject of supplemental briefing during the parties' meet and confer discussions.  That is not true; counsel for Bloomberg explicitly raised the topic on a call on June 18, 2019.