UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-CV-21192-WILLIAMS/TORRES

JUAN JOSÉ RENDÓN DELGADO

        Plaintiff,

  v.

BLOOMBERG L.P.;
JORDAN ROBERTSON; and
MICHAEL RILEY

        Defendants.

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO EXTEND THEIR DEADLINE TO RESPOND TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff Juan José Rendón Delgado is and always has been a Venezuelan citizen. He is not stateless and, contrary to Defendants' bald claims, this issue is not reasonably open for debate. Mr. Rendón was born in Venezuela and has never resigned his citizenship.[1] (Second Am. Compl. ¶¶ 8, 16, 50, 52.) Those facts, which are clearly and unambiguously pled in his Second Amended Complaint (and in his First Amended Complaint, which this Court granted leave to file), are the only facts that are relevant to Mr. Rendón's citizenship.[2]

---

[1] The parties have briefed this precise issue at several stages in this case, in addition to the extensive briefing on appeal. *See, e.g.*, DE-33, DE-36, DE-37, DE-38, DE-39, DE-40, DE-52, DE-56, DE-60, DE-63, DE-64, DE-65.

[2] It is unclear whether any response by Defendants to Plaintiff's Second Amended Complaint is permitted under the Court's January 24, 2022 Order, and Plaintiff's Second Amended Complaint plainly demonstrates complete diversity among and between the parties. Furthermore, this Court granted Mr. Rendón's motion for leave to amend his original complaint in order to clarify his

(Continued…)

Nonetheless, Defendants continue to try and delay this case by postponing a decision on Mr. Rendón's Second Amended Complaint indefinitely[3] while they pursue a fishing expedition into, among other things, irrelevant statements Plaintiff has made to the media about Venezuela, his applications for travel documents in various countries, and his seeking asylum in the United States—including documents from a third-party, Mr. Rendón's immigration attorney. But their invasive and irrelevant discovery is beyond the scope of the Eleventh Circuit's limited remand and, regardless, the information Defendants seek will not shed any light on the only facts that matter: that Plaintiff is and always has been a Venezuelan citizen because he was born in Venezuela and has never formally resigned that citizenship. Therefore, because it is undisputed that Plaintiff has accurately and fully pled the citizenships of all Defendants, all of which are US citizens residing outside of Florida, this Court unquestionably has subject matter jurisdiction over the case.

Importantly and equally dooming to Defendants' Motion to Extend Their Deadline to Respond to Plaintiff's Second Amended Complaint Until After the Completion of Jurisdictional Discovery ("Defendants' Motion"), Defendants have not sought leave of this Court to serve and obtain any jurisdictional discovery, this Court has not granted leave for any party to pursue or engage in any discovery in this case, and Defendants themselves moved to stay discovery until their motion to dismiss was resolved, including and specifically on appeal.[4] Therefore,

---

pleadings to reflect the true fact that he is plainly a Venezuelan citizen following substantive and expansive briefing on this precise issue. *See* DE-41; DE-62.

[3] Defendants want at least 90 days to complete discovery, followed by several months of additional briefing regarding Mr. Rendón's Second Amended Complaint.

[4] Plaintiff is not aware of Defendants having filed or submitted directly to the Court a proposed order with their Motion, as is required under Local Rule 7.1(a)(2).

Defendants' attempts to initiate jurisdictional discovery are entirely improper and for that reason alone, Defendants' Motion for an Extension of Time should be denied.[5]

Plaintiff therefore respectfully requests that Defendants' Motion for Extension of Time be denied, and that this Court determine whether it has subject matter jurisdiction based on the allegations in Mr. Rendón's Second Amended Complaint.

## FACTUAL BACKGROUND

On May 8, 2018—nine (9) months after filing their first motion to dismiss and just after the two-year statute of limitations to Mr. Rendón's claims expired—Defendants filed a second motion to dismiss, asserting a lack of subject matter jurisdiction. (DE-25.) Defendants based their argument on a line in Mr. Rendón's original complaint that alleged that because Venezuelan dictator Nicolás Maduro publicly attacked Mr. Rendón for daring to stand up to his totalitarian regime, he was rendered "countryless" and stripped of his Venezuelan citizenship—while Mr. Rendón never considered himself anything other than a Venezuelan.  Thus, Defendants argued, the district court lacked diversity jurisdiction.

In response, and following further investigation, Mr. Rendón realized that his allegation about the legal effect of that disavowal was incorrect: he was born in Venezuela, has never renounced his Venezuelan citizenship, and has therefore at all times been a Venezuelan citizen. Thus, Mr. Rendón moved to amend his complaint to properly allege his citizenship. (DE-28.) Defendants opposed Mr. Rendón's motion, but the Magistrate Judge granted it and further denied

---

[5] Defendants have now missed the deadline to respond to Mr. Rendón's Second Amended Complaint.  However, Plaintiff's counsel notified Defendants' counsel that while Plaintiff would not agree to the irrelevant jurisdictional discovery Defendants' generally alluded to during the meet and confer process or to an indefinite delay of the proceedings, Mr. Rendón would agree to provide Defendants with some additional time, while reserving his right to contest both jurisdictional discovery and any other responsive pleading.

Defendants' second motion to dismiss for lack of subject matter jurisdiction as moot. (DE-41; DE-42.) In so doing, the Magistrate Judge found that Mr. Rendón's request to amend was not made in bad faith or for improper purpose. (DE-41 at 9.)

Overruling Defendants' objections, this Court affirmed the Magistrate Judge's Order and granted Mr. Rendón leave to amend. (DE-62.) In so doing, this Court agreed with the Magistrate Judge that Mr. Rendón did not act in bad faith in moving to amend and that "the amendment in this case" was not "the black and white contradiction that Defendants posit." (*Id*. at 2-3.)

On October 19, 2018, following an order by this Court to meet and confer under Local Rule 16.1 (DE-50), the parties conferred and submitted a joint scheduling order for the case. The parties, however, did not agree on a discovery plan, specifically because Defendants took the firm position that "no discovery should be taken until this Court rules on the Motion to Dismiss and—in the event that this Court denies the Motion to Dismiss—the denial is affirmed by the Eleventh Circuit (or interlocutory review is denied)." (DE-53 at 2.). On October 25, 2018, Defendants moved to stay discovery. (DE-54.)

Following dismissal of Mr. Rendón's First Amended Complaint on September 13, 2019, he appealed to the Eleventh Circuit Court of Appeals. Over the course of the subsequent year and a half, the parties fully briefed all of the issues in both Mr. Rendon's affirmative appeal and Defendants' cross-appeal. On July 29, 2021, the Eleventh Circuit issued a limited remand so that this Court may determine whether "it had subject matter jurisdiction in the first instance," which was not resolved in the Court's September 13, 2019 order granting Defendants' third motion to dismiss. *See Rendon v. Bloomberg, L.P.*, No. 19-14046 (11th Cir. July 29, 2021) (Order remanding case back to district court for subject matter jurisdiction). Six months later, on January 24, 2022, this Court issued an order that Mr. Rendón amend his complaint to reallege "<u>only</u> the citizenship

4

of Defendants for diversity citizenship purposes and the status of Plaintiff's citizenship." (DE-76.)

On February 14, 2022, Mr. Rendón timely filed his Second Amended Complaint realleging precisely what this Court ordered, including making it absolutely clear that he was born in Venezuela, has never resigned that citizenship, and is and always has been since birth a Venezuelan citizen and national. (DE-78 ¶¶ 8, 50, 52.) Mr. Rendón's Second Amended Complaint further alleges that a Venezuelan's birthright citizenship cannot be lost, revoked, or rescinded by an act of the Venezuelan government because the only way that a Venezuelan birthright citizen may lose his Venezuelan citizenship is if the citizen formally resigns his citizenship (*id*. ¶¶ 8, 50), that he has in fact never resigned or renounced his Venezuelan citizenship and has never been a citizen of any country other than Venezuela (*id*. ¶¶ 8, 50, 52), and the Venezuelan government has not taken any actions or initiated any administrative acts to legally revoke or rescind his citizenship regardless of the fact that it does not have the legal authority to do so (*id*. ¶¶ 8, 50). Therefore, Mr. Rendón was at the time he filed his Original Complaint—and remains today—a Venezuelan citizen and national, and there is no longer any actual question as to whether this Court has subject matter jurisdiction over this case.[6]

While Defendants have claimed that they are entitled to jurisdictional discovery as a result of the Eleventh Circuit's limited remand, Defendants did not move this Court for leave for jurisdictional discovery and to allow for their fishing expedition into Plaintiff's immigration efforts and public statements against the totalitarian Chavez/Maduro regime. Instead Defendants have sought an indefinite stay of discovery while they complete their unilaterally implemented and

---

[6] Mr. Rendón likewise realleged the citizenship of all Defendants in this case, demonstrating that there is complete diversity between the parties. Defendants do not dispute that Mr. Rendón accurately pled the citizenships of all Defendants in his Second Amended Complaint.

unsanctioned pursuit of any information remotely related to Mr. Rendón's immigration efforts, including from his immigration attorney, Maria Trina Burgos P.A. (DE-79, Exs. A-C.)

## ARGUMENT

**I.     Defendants' Unsanctioned Discovery Requests are Beyond the Scope of the Eleventh Circuit's Limited Remand and This Court's Order that Plaintiff File His Second Amended Complaint—and Entirely Improper Without Leave of this Court, Which Defendants Have Neither Sought Nor Received.**

Defendants specifically sought a stay of discovery pending resolution of its motion to dismiss, including affirmation by the Eleventh Circuit Court of Appeals. Defendants further noted that they only sought discovery into the status of Mr. Rendón's citizenship if this Court denied their motion to stay all discovery. The parties have not engaged in any discovery since. Since dismissal, Defendants have not sought leave of this Court to take any such discovery, and no such discovery was ordered by the Eleventh Circuit Court of Appeals, rendering their discovery requests untimely and improper. *See, e.g.*, *Zamora Radio, LLC v. Last.fm LTD.*, 2011 WL 2580401, at *12 (S.D. Fla. June 28, 2011) ("Zamora must move the Court to grant the jurisdictional discovery it seeks.") (citing *United Technologies Corp. v. Mazer*, 556 F.3d 1260, 1280–1281 (11th Cir. 2009)).

Furthermore, and contrary to Defendants' assertions, the Eleventh Circuit Court's limited remand does not authorize or imply that jurisdictional discovery is necessary. It simply notes an incomplete "record," which this Court addressed in its January 24, 2022 Order requiring Mr. Rendón to file an amended complaint that alleged the "status of Plaintiff's citizenship"—which, to be absolutely clear, is and always has been Venezuelan. (DE-76; DE-78, ¶¶ 8, 50, 52.).

Put squarely, Defendants took it upon themselves to abrogate the Federal Rules of Civil Procedure to unilaterally attempt to serve discovery before they are authorized to do so. That attempt is entirely improper and for that reason alone, Defendants' Motion seeking an indefinite

extension of time until that unauthorized and improper discovery is completed should be denied.

II. **The Discovery Propounded by Defendants is Unduly Burdensome and Seeks Information Not Reasonably Calculated to Lead to the Discovery of any Information Potentially Relevant to Mr. Rendón's Venezuelan Citizenship.**

Even if Defendants had followed proper procedure in attempting to serve and initiate jurisdictional discovery—they did not—such discovery is entirely unnecessary and will only serve to delay this case further, causing extreme prejudice and even more harm to Mr. Rendón.[7]

Leave to pursue jurisdictional discovery is only granted when there is a "genuine dispute" concerning a "material jurisdictional fact." *Zamora Radio, LLC*, 2011 WL 2580401, at *12. Indeed, jurisdictional discovery is only appropriate where "the ***pleadings*** may not reveal whether the court has jurisdiction," which usually arises when the plaintiff could not ascertain sufficient facts to support jurisdiction, such as in matters of personal jurisdiction or, as was the case here, the citizenship of a defendant partnership.[8] *See Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982) (emphasis added). Nor do mere contradictions between assertions by the parties warrant jurisdictional discovery—the "contradictions must be sufficiently material" for jurisdictional discovery to be warranted. *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1321 (S.D. Fla. 2009).

Here, the pleadings plainly reveal that the parties are completely diverse and that this Court has subject matter jurisdiction over Mr. Rendón's claims. Furthermore, there are no "material" contradictions between the parties concerning Mr. Rendón's citizenship, and almost all of

---

[7] Mr. Rendón would object to Defendant's propounded discovery requests as unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence (because none are potentially relevant to the issues of his Venezuelan citizenship), and seeking privileged documents, among other objections.

[8] Mr. Rendón, through his own diligence, was able to determine without discovery the specific citizenships of all Defendants in this case.

Defendants' propounded discovery requests do not seek any documents that would in fact relate to the only questions that are relevant to whether Mr. Rendón is a Venezuelan citizen: whether he was born in Venezuela (it is undisputed that he was) and whether he has ever formally resigned his Venezuelan citizenship (he has never done so, and Defendants have not claimed otherwise).[9] Rather, Defendants' proposed requests demonstrate that this is nothing more than a fishing expedition to stop this case in its tracks for many more months. They seek, among other entirely irrelevant documents and information, all documents and information related to (1) Mr. Rendón's successful application for asylum in the United States, (2) Mr. Rendón's various applications for travel documents from an undisclosed number of countries (including the law firms and attorneys who assisted him with those applications), (3) Mr. Rendón's communications with anyone affiliated with the Venezuelan government about his citizenship, (4) public statements by third-parties about their opinions about Mr. Rendón's citizenship status—and Mr. Rendón's communications with those third-parties, and (5) Mr. Rendón's communications about his filings in this case and in other legal proceedings.

These sweeping requests are not tailored to Mr. Rendón's citizenship status. Indeed, Defendants are even seeking discovery about *a recent case in Colombia in which the hacker and sole source for Defendants' defamatory article about Mr. Rendón (Andrés Sepúlveda)*

---

[9] Defendants are seeking a copy of Mr. Rendón's Venezuelan birth certificate, which would bear on the question of his citizenship. However, the issue of where Mr. Rendón was born is not in dispute in this case, as Defendants even acknowledged in the very article at issue in this case that Mr. Rendón is a "native" Venezuelan. *See, e.g.*, DE-78, Ex. A ("The son of democracy activists, he studied psychology and worked in advertising before advising presidential candidates in his native Venezuela.").

*completely retracted the very allegations at issue in this case*.[10]  Defendants' extremely broad, invasive, and entirely irrelevant requests essentially seek any document remotely related to Mr. Rendón's persecution at the hands of the Venezuelan government—nothing more—and bear no relevance at all to the only questions at all relevant to his Venezuelan citizenship.

Mr. Rendón filed this case almost five (5) years ago, on March 31, 2017, and a full year before the statute of limitations expired on his claims against Defendants.  Defendants nonetheless waited to challenge jurisdiction until the two-year statute of limitations had expired, and since then have sought to delay this case for years in order to assert the false claim that Mr. Rendón is not a Venezuelan citizen despite his clearly pleading otherwise.  This unilateral attempt to initiate jurisdictional discovery is just the latest delay tactic—a tactic that they admit will delay this case for many months, if not more than a year.  But Mr. Rendón's Second Amended Complaint pleads, without question, that he is and always has been a citizen of Venezuela who currently resides in Florida and that there is complete diversity between him and all Defendants in this case.  Therefore, his Second Amended Complaint is ripe for disposition and jurisdictional discovery would be wasteful and only cause additional and significant delay in this case, to Mr. Rendón's extreme detriment.

## CONCLUSION

To put an end to Defendants continued attempts to deprive Mr. Rendón of his right to pursue his claims against Defendants—which, for the present moment, would be limited to allowing the Eleventh Circuit to finally consider his fully briefed appeal—Mr. Rendón simply asks

---

[10] *See* Suppl. Authority of Appellant-Cross Appellee Juan Jose Rendon Delgado, *Rendon v. Bloomberg, L.P.*, No. 19-14046 (11th Cir. July 21, 2021); DE-79, Ex. A, Request for Production No. 1.

that this Court deny Defendants request for an indefinite extension of time to respond to his Second Amended Complaint, and reject Defendants' attempts to circumvent this Court's rules and the Federal Rules of Civil Procedure by unilaterally attempting to serve jurisdictional discovery on Mr. Rendón and his immigration attorney.

Respectfully Submitted,

/s/ *Il Young Choi*
IL Young Choi (FL Bar No. 10375)
CHOI & MENEZES, LLP
1925 Brickell Avenue, Suite D-205
Miami, FL 33129
Telephone: (305) 854-6333
Fax: (305) 675-0967
Email: IYC@choilawfirm.com
Email: legalassistant@choilawfirm.com
Email: choilaw@aol.com

Thomas A. Clare (*pro hac vice*)
Dustin A. Pusch (*pro hac vice*)
CLARE LOCKE LLP
10 Prince Street
Alexandria, VA 22314
Telephone: (202) 628-7400
Email: tom@clarelocke.com
Email: dustin@clarelocke.com

***Attorneys for Plaintiff Juan José Rendón Delgado***

Dated: March 16, 2022

## CERTIFICATE OF SERVICE

I hereby certify that, on March 16, 2022, I will electronically file the foregoing Notice of Submission with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Thomas R. Julin (FL Bar No. 325376)
Timothy J. McGinn (FL Bar No. 1000377)
Gunster, Yoakley & Stewart, P.A.
600 Brickell Avenue, Suite 3500
Miami, FL 33131
Telephone: (305) 376-6000
Email: tjulin@gunster.com
Email: tmcginn@gunster.com

Jeffrey B. Korn (*pro hac vice*)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019-6099
Telephone: (212) 728-8842
Fax: (212) 728 9842
Email: jkorn@willkie.com

**Attorneys for Defendants**

/s/ Il Young Choi
IL Young Choi (FL Bar No. 10375)
CHOI & MENEZES, LLP
1925 Brickell Avenue, Suite D-206
Miami, FL 33129
Telephone: (305) 854-6333
Facsimile: (305) 675-0967
Email: IYC@choilawfirm.com
Email: legalassistant@choilawfirm.com
Email: choilaw@aol.com