UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-CV-21192-KMW

JUAN JOSÉ RENDÓN DELGADO,

        Plaintiff,

v.

BLOOMBERG L.P.;
JORDAN ROBERTSON; and
MICHAEL RILEY,

        Defendants.

**NOTICE OF COMPLIANCE**

In accordance with Chief Magistrate Judge Edwin G. Torres's Order Setting Discovery Procedures, Defendants Bloomberg L.P., Jordan Robertson, and Michael Riley (collectively, "Bloomberg") file this Notice of Compliance setting forth the substance of the discovery matters to be heard at the parties' discovery hearing at 10:30 a.m. on June 30, 2022, and the status of the parties' pre-filing efforts as to those issues.

Plaintiff Juan José Rendón Delgado's claims in this action have been dismissed with prejudice on their merits. (ECF No. 66.) In granting Bloomberg's motion to dismiss, the Court did not reach Bloomberg's arguments that the federal courts lack diversity and alienage jurisdiction over Rendón's claims because Rendón is neither a citizen of a U.S. state nor a citizen or subject of a foreign state and that, if the record were not sufficiently developed for the Court to determine Rendón's citizenship, Bloomberg should be permitted to take appropriate jurisdictional discovery. (*Id.* at 14 n.5.) Rendón appealed the Court's order of dismissal, and Bloomberg conditionally

1

cross-appealed in order to raise the lack of subject matter jurisdiction with the U.S. Court of Appeals for the Eleventh Circuit.

The Eleventh Circuit remanded the case to this Court to determine whether it had subject matter jurisdiction in the first instance. The Eleventh Circuit's remand order said Rendón's pleadings "raise a question as to whether he was a Venezuelan citizen at the time he brought the action," as his "original complaint asserted that the Venezuelan government had declared him 'countryless,' and his amended complaint still says that that government 'has attempted to disavow itself' of him." (ECF No. 75 at 3.) The Eleventh Circuit explained that if this Court "lacked subject matter jurisdiction over the case, it should have dismissed it on that basis rather than on the merits." But the Eleventh Circuit declined to rule on subject matter jurisdiction itself "[b]ecause the record is not complete regarding the facts of Rendón's citizenship, or the effects of those facts on the district court's jurisdiction[.]" *Id.*

On remand, this Court directed Rendón to amend his complaint and reallege "the status of [his] citizenship." (ECF No. 76.) After Rendón filed his second amended complaint, Bloomberg promptly served jurisdictional discovery and moved to extend its deadline to respond to the second amended complaint until after the completion of jurisdictional discovery. (ECF No. 79.) Rendón opposed the proposed extension (ECF No. 82) and objected to all jurisdictional discovery.

With respect to discovery, the parties disagree about whether Bloomberg may obtain jurisdictional discovery from Rendón and, if so, the appropriate scope of jurisdictional discovery. Specifically, the parties disagree about:

(1) Whether, in light of the Eleventh Circuit's determination that "the record is not complete regarding the facts of Rendón's citizenship, or the effects of those facts on the district

court's jurisdiction," Bloomberg is entitled to jurisdictional discovery about whether Rendón was a stateless person or a citizen or subject of Venezuela when he commenced this action;

(2)     Whether Bloomberg is entitled to official records and other documents reflecting Rendón's citizenship (Request for Production No. 1);

(3)     Whether Bloomberg is entitled to documents and communications Rendón transmitted to, or received from, any government of Venezuela concerning his Venezuelan citizenship, his Venezuelan passport and its revocation, and his disavowal by the Venezuelan government (Request for Production No. 12);

(4)     Whether Bloomberg is entitled to documents and communications Rendón transmitted to, or received from, the governments of the United States (which has granted Rendón asylum), Mexico (to which Rendón attempted to immigrate), Colombia (which granted Rendón a special travel document for stateless persons), and certain other countries (to which Rendón attempted to immigrate or which provided him travel documents) in connection with applying for a visa, passport, or travel document, or determination, change or adjustment of his immigration status, residence, or citizenship (Requests for Production Nos. 2–11; Interrogatories Nos. 2–4);

(5)     Whether Bloomberg is entitled to documents and communications concerning Rendón's disavowal by the Venezuelan government, its declaration that Rendón is "*countryless*," and its stripping Rendón of his citizenship—all of which Rendón initially alleged, then recanted once Bloomberg moved to dismiss for lack of subject-matter jurisdiction—and documents and communications concerning articles and other media discussing Rendón's statelessness and his conflicts with the government of Venezuela, including three articles asserting Rendón is stateless or countryless, a lecture during which Rendón asserted he had "bec[o]me countryless without any

trial," and Rendón's "autobiographical manuscript detailing all the ways he says the [Venezuelan] regime has menaced him" (Requests for Production Nos. 13–19, 21; Interrogatory No. 1);

(6) Whether Bloomberg is entitled to Rendón's non-privileged documents and communications concerning the dispute regarding his citizenship in this case and his allegation, in a second federal action, that he is a citizen of the state of Florida (Requests for Production Nos. 20, 22); and

(7) Whether Bloomberg is entitled to documents and communications concerning Rendón's citizenship and Venezuelan passport not captured by its other requests, including any documents and communications Rendón contends support his assertion that he is a citizen of Venezuela (Request for Production No. 23).

## CERTIFICATION

Counsel for Bloomberg has conferred with counsel for Rendón in a good-faith effort to resolve the issues identified above and has been unable to do so.  The conferrals among counsel included a telephone call of approximately one hour on March 30, 2022, follow-up telephone calls, and substantive email correspondence.  Counsel discussed a potential global resolution of the issues set forth above but could not agree on the scope of the discovery to be permitted.

Respectfully submitted,

Gunster, Yoakley & Stewart, P.A.

By  s/ *Timothy J. McGinn*
    Thomas R. Julin & Timothy J. McGinn
    Florida Bar No. 325376 & 1000377
    600 Brickell Avenue, Suite 3500
    Miami, FL 33131
    305.376.6007 Fax 6010
    tjulin@gunster.com

Willkie Farr & Gallagher LLP

By  s/ *Jeffrey B. Korn*
    Jeffrey B. Korn
    *Admitted Pro Hac Vice*
    787 Seventh Avenue
    New York, NY 10019
    212.728.8000
    jkorn@willkie.com

Attorneys for the Defendants